411 F.2d 788
 IVOR B. CLARK CO., Inc., Plaintiff-Appellee,
v.
Moreland H. HOGAN, International Office Park Inc. and
International ParkCorporation, Defendants, and
James TALCOTT, INC., Third-Party Movant-Appellant.
 Nos. 575-577, Dockets 33267-33268, 33270.
 United States Court of Appeals Second Circuit.
 Argued May 13, 1969.
Decided June 2, 1969.
 
 Arthur S. Friedman, Tanner & Friedman, New York City, for appellee.
 David Hartfield, Jr., New York City (Philip H. Hedges, Thomas B. Leary, Daniel H. Murphy, II, White & Case, New York City, on the brief), for appellant.
 Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Essentially, this case involves a dispute between two creditors, Ivor B. Clark Co., Inc., and James Talcott, Inc., over the right to certain past and future rental payments from Georgia real estate owned by their mutual debtor the International Park Corporation and its president Moreland H. Hogan.
 
 
 2
 On February 13, 1968, the District Court, Ryan, J., entered judgment for Clark, which, as amended February 21, 1968, provided for recovery of certain sums against International and Hogan. Aff'd without opinion (2d Cir. June 14, 1968), cert. denied, Hogan v. Clark Co., Inc., 393 U.S. 961, 89 S.Ct. 399, 21 L.Ed.2d 374 (1968). Pursuant to that judgment, Clark served Hogan and International on or about March 4, 1968, with restraining notices forbidding interference with any property in which they possessed an interest, and on March 6, Clark served Talcott with a Notification of Issuance of Restraining Notice, informing the company of the action taken against Hogan and International. Talcott, relying upon a Deed to Secure Debt granting it an assignment of the leases on International's property and also upon a separate instrument called Assignment of Rents and Leases, both of which were executed on December 1, 1966, for the purpose of securing the repayment of its loan to International of the same date, took the position that Clark's restraining notices were invalid. Accordingly, Talcott continued to collect rental payments from International's properties under these agreements.[1] Clark then brought this action under Rule 69(a) of the Federal Rules of Civil Procedure for an order adjudging Hogan, International, and Talcott guilty of contempt for violating the terms of the restraining notices and requiring Talcott to remit the rental payments it received subsequent to its notification of the issuance of the restraining notices in partial payment of its judgment against Hogan and International. Talcott cross-moved for an order vacating the restraining notices on the ground that the right to the rental moneys in question had previously been assigned to it.
 
 
 3
 In his opinion of October 23, 1968, and supplemental memorandum opinion of November 14, 1968, upon reargument, from which Talcott appeals, Judge Tenney held that since Talcott had not taken the steps necessary to effectuate International's assignment of rental payments contained in the security agreement, it did not have a prior interest in those rents under Georgia law.[2] Accordingly, he held that Clark's restraining notices were valid, and ordered Talcott to deliver to Clark all rental moneys it had received from International's tenants subsequent to March 6, 1968, and all such moneys to become due in the future which may come into its possession. Judge Tenney refused to hold any of the parties in contempt as requested, because he recognized that the difficulties encountered in interpreting Georgia law in this obfuscated area prevented the rights and obligations of the parties from being precisely stated or knowingly ignored.
 
 
 4
 For the reasons stated in Judge Tenney's thorough and well reasoned opinions, we affirm his decision that Clark rather than Talcott is entitled to the disputed rental payments. In so doing, we reject Talcott's argument, based upon Glassman v. Hyder, 23 N.Y.2d 354, 296 N.Y.S.2d 783, 244 N.E.2d 259 (December 12, 1968), that Judge Tenney lacked jurisdiction to enforce Clark's judgment. Rule 69(a) provides: 'The procedure on execution * * * shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought * * *.' Glassman, a novel interpretation of New York law, was not decided until after Clark had issued restraining notices and sought and obtained an order of enforcement from the district court. Moreover, Glassman is factually distinguishable, since it concerned the validity of an attachment of only future rents on out of state lands as a basis for obtaining quasi in rem jurisdiction, whereas the case before us involved the execution of a judgment which, when it reached Judge Tenney, involved both past and future rental payments.
 
 
 5
 Lastly, Talcott claims that Judge Tenney was without jurisdiction to enter his third memorandum opinion and order dated January 23, 1969, after notice of appeal had been filed but before the appeal had been docketed. Upon Talcott's motion to amend the previous opinions and to stay the judgment pending this appeal, Judge Tenney fixed the amount of rentals Talcott was required to turn over to Clark and the supersedeas bond, upon which the grant of the stay was to be conditioned, at that same amount. Since Judge Tenney did have jurisdiction to fix the bond necessary for the granting of the stay, see Rule 62(d), and since that task required the correction of the inadvertent omission in his previous opinions, we find no defect of jurisdiction in this particular situation. Moreover, we are convinced that on the merits Judge Tenney's determination of the amount of the judgment against Talcott is correct.
 
 
 6
 The orders are affirmed.
 
 
 
 [1]
 Prior to Clark's issuance of restraining notices, International's tenants had been instructed to send their rental payments to a Post Office box registered in the name of 'International Park Corporation-- Rental Account.' Such payments were in fact received and controlled by Talcott. Subsequently, on March 14, 1968, Talcott and Hogan instructed all the tenants to make their future rental payments to James Talcott, Inc. directly
 
 
 [2]
 More specifically, Judge Tenney construed the Deed and Assignment as a mortgage which did not by its execution invest Talcott with a right to future rental payments. And, since Talcott had not taken the steps necessary under Georgia law to become a 'mortgagee in possession,' International, at the time in question, still possessed the legal right to the rents. Consequently, Clark's restraint of such rental payments was proper